IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cr-30177-SMY-9 |
| | ) |
| ARTHURO CERVANTES, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Arthuro Cervantes was sentenced on February 26 2020 to a total sentence of 120 months' imprisonment for conspiracy to distribute and possession with intent to distribute controlled substances in violation of 21 U.S.C. §§§841(a)(1) (Docs. 255, 260). Cervantes recently filed a *pro se* motion seeking a sentence reduction under Amendment 821 to the United States Sentencing Guidelines (Doc. 539). Assistant Federal Public Defender Michael Mettes entered his appearance to determine Cervantes' eligibility for a sentence reduction (Doc. 541). Subsequently, AFPD Mettes moved to withdraw, asserting that Cervantes was ineligible for a sentence reduction under Amendment 821 because he was sentenced to the statutory minimum term of imprisonment for his charge (Doc. 542). Cervantes did not file an objection to the motion to withdraw.

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified

aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Cervantes' total offense level at sentencing was 29 and his criminal history category was I. His Guidelines sentencing range was 87 to 108 months. An above guidelines sentence of 120 months was imposed because 120 months was the statutory minimum punishment for Cervantes' charges under 21 U.S.C. §841(b)(1)(A). Since Cervantes was originally sentenced to the statutory minimum term of imprisonment, he is ineligible for a sentence reduction under Amendment 821.

Accordingly, the Motion to Withdraw (Doc. 542) is **GRANTED** and the Motion to Reduce Pursuant to Amendment 821 (Doc. 539) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 19, 2024**

**STACI M. YANDLE**
**United States District Judge**